IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACK CROSIER, JR.,
    *Plaintiff*,

v.

BALTIMORE CITY COMMUNITY COLLEGE *et al.*,
    *Defendants*.

Civil Action No.
1:25-cv-00235-ABA

**MEMORANDUM OPINION**

Self-represented Plaintiff Jack Crosier, Jr. filed a complaint against Baltimore City Community College ("BCCC"), "Ms. Thomas," and Amber Bond on January 24, 2025. ECF No. 1. The Court ordered Plaintiff to file an amended complaint to cure identified pleading deficiencies. ECF No. 7. Plaintiff filed an amended complaint naming only BCCC and Bond as Defendants, claiming that they violated his due process and equal protection rights under the Fifth and Fourteenth Amendments and violated his rights under Articles 17 and 24 of the Maryland Declaration of Rights and the Higher Education Act of 1965. ECF No. 8; ECF No. 8-1.

## I.    Standard of Review

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, "[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017)

1

(quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Mr. Crosier has not paid the fee and has instead moved for *in forma pauperis* status. In such a situation, "the court shall dismiss the case" if it determines that, among other things, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## II.   Discussion

As the amended complaint includes no claims against "Ms. Thomas" and Plaintiff was forewarned that an amended complaint supersedes the original, ECF No. 7, any claims against "Ms. Thomas" will be dismissed without prejudice.

The only facts related to Bond indicate that she called security during a verbal altercation between Plaintiff and another student and that she told the BCCC administration that she no longer wanted Plaintiff in her class as she was afraid based on his prior incarceration. ECF No. 8-1 at 1. These actions alone fail to state a claim upon which relief can be granted and, therefore, all claims against Bond will be dismissed without prejudice.

## III. Conclusion

Because Plaintiff has failed to adequately allege claims against "Ms. Thomas" and Defendant Bond, all claims against them will be dismissed without prejudice. A separate order follows.

Date: October 29, 2025

                                     /s/
Adam B. Abelson
United States District Judge